UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICKY J. TABOR, | * | CIVIL ACTION |
|     Plaintiff, | * | |
| | * | NO.: |
| VERSUS | * | |
| | * | DISTRICT JUDGE: |
| CMH HOMES, INC. AND | * | |
| PRICE BOURGEOIS, | * | MAGISTRATE JUDGE: |
|     Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

CMH Homes, Inc. ("CMH Homes"), Defendant, through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal of the action entitled *Ricky J. Tabor v. CMH Homes, Inc. and Price Bourgeois, et al.* on the docket of the 32nd Judicial District Court for Terrebonne Parish, Louisiana, to this Honorable Court. In support of this Notice of Removal, CMH Homes respectfully represents that:

1. Ricky J. Tabor (the "Plaintiff") commenced the captioned action by filing a Petition for Damages (the "Petition") in the 32nd Judicial District Court for the Parish of Terrebonne on November 25, 2019 against CMH Homes and Price Bourgeois.[1]

2. CMH Homes was served through Corporation Service Company with the Petition and Amended Petition on December 4, 2019.[2] Fewer than thirty days have elapsed since the service of the Petition on CMH Homes.

---

[1]  A copy of the Petition is attached to the Listing Pursuant to 28 U.S.C. §1447(b) (hereinafter the "Listing") as part of the complete state court record.
[2]  A copy of the service return is attached as part of the Listing.

3. Price Bourgeois, the other defendant to this lawsuit, was served on or about December 10, 2019.³

4. In the Petition, Plaintiff avers that he is a domiciliary of Lafourche Parish, Louisiana.⁴

5. Plaintiff avers that CMH Homes is a foreign company with its principal place of business in Thibodaux, Louisiana.⁵ In fact, CMH Homes is incorporated under the laws of the State of Tennessee and is domiciled in and has its principal place of business in Maryville, Tennessee.

6. Plaintiff also avers that Price Bourgeois is a domiciliary of the Parish of Lafourche.⁶ Upon information and belief, Mr. Bourgeois is a domiciliary of the Parish of Lafourche; however, as set forth herein, because Mr. Bourgeois has been improperly joined in this action, his domicile should not be considered for purposes of this removal.

7. This Notice of Removal has been filed within thirty (30) days of service upon CMH Homes and is therefore timely under 28 U.S.C. § 1446(b) and 1446(b)(2)(C).

8. Mr. Bourgeois has consented to the removal of this action, as set forth in the attached Declaration of Price Bourgeois Under Penalty of Perjury.⁷

9. Venue for the removal is proper in this District pursuant to 28 U.S.C. § 1446(a). CMH Homes maintains and reserves its rights to object to proceeding in any venue in the State of Louisiana and to seek to compel arbitration.

10. In his Petition, Plaintiff alleges that he was employed at CMH Homes in Houma, Louisiana, Clayton Homes #830 as a Service Technician from 2008 until his separation in 2017.⁸

---

³ A copy of the service return is attached as part of the Listing.
⁴ Petition, introductory paragraph.
⁵ Petition, ¶ 1.
⁶ Petition, ¶ 1.
⁷ Exhibit A (Declaration of Price Bourgeois).

11. Plaintiff claims that he was instructed to perform a "trim-out" on a double wide mobile home.[9]

12. According to Plaintiff, he informed Mr. Bourgeois that he was unable to perform this work due to "recent medical issues and was currently under medical care, of which Mr. Bourgeois was aware."[10]

13. Plaintiff maintains thereafter that he was discharged from his employment with CMH Homes.[11]

14. Plaintiff claims that as a result of "Defendants' negligent acts, omissions and allegations," he has "been discriminated against and suffered damages [including] (a) past, present and future embarrassment and humiliation; (b) mental anguish, stress and physical trauma, past, present and future; (c) past, present and future economic loss; and (d) any other damages and/or acts of negligence to be shown at the trial of this matter.[12]

15. Plaintiff further claims that defendant Price Bourgeois' actions and inactions "were made knowingly, intelligently, and willfully."[13]

16. Plaintiff avers that he reported the alleged acts of discrimination to the EEOC, who issued a "right to sue letter."[14]

17. On February 15, 2018, Plaintiff filed a Charge of Discrimination with the Louisiana Commission on Human Rights against CMH Homes, which was presented to the EEOC and included a claim for discrimination based on Plaintiff's alleged disability. Specifically, the charge alleges that Plaintiff was "discriminated against in violation of the

---

[8]   Petition, ¶ 3.
[9]   Petition at ¶ 4.
[10]  Petition at ¶ 5.
[11]  Petition at ¶ 6.
[12]  Petition at ¶ 8.
[13]  Petition at ¶ 9.
[14]  Petition at ¶ 10.

Americans with Disabilities Act, as amended." The EEOC charge contains no allegations, listing or description of or reference to any other type of unlawful conduct, discrimination or retaliation.[15]

18. On September 12, 2019, the EEOC issued a Dismissal and Notice of Rights ("Dismissal"), stating it was unable to conclude that there was a violation of the ADA. The Dismissal further stated that Plaintiff could file a lawsuit against CMH Homes under federal law based on the allegations made in the charge within 90 days of receipt thereof.[16]

19. CMH Homes does not admit any of the underlying facts as alleged by Plaintiff in his Petition, or as any such allegation may be characterized, described, or summarized above. Rather, CMH Homes expressly denies that it breached any duty or has any liability to Plaintiff.

## DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332

20. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states which involves an amount in controversy exceeding $75,000. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

21. There is complete diversity of citizenship between Plaintiff and CMH Homes. Plaintiff is a Louisiana domiciliary. CMH Homes, on the other hand, is a citizen of Tennessee.

22. Plaintiff seeks to avoid federal jurisdiction by improperly joining a claim against Defendant Price Bourgeois, who is a Louisiana citizen. Thus, this Court should disregard Mr. Bourgeois' citizenship when determining subject matter jurisdiction.

23. A defendant may establish improper joinder by showing: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby,* 326 F.3d 644, 646–47 (5th Cir. 2003).

---

[15] Exhibit B (Charge of Discrimination).
[16] Exhibit C (Dismissal and Notice of Rights).

Under the latter analysis, to establish the improper joinder of Mr. Bourgeois, CMH Homes must show "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" him. *Guillory v. PPG Indus.*, 434 F.3d 303, 308 (5th Cir. 2005).

24. Here, it is clear that Plaintiff cannot establish a cause of action against Price Bourgeois.

25. As a matter of law, there is no possibility that Plaintiff can succeed against Mr. Bourgeois because the statute under which Plaintiff brings his claim does not impose individual liability on co-workers or supervisors. Specifically, Plaintiff may not maintain an action against Mr. Bourgeois because the ADA does not recognize individual liability for managers, supervisors or co-employees. *See Lefort v. Lafourche Parish Fire Prot. Dist. No. 3*, No. 14–672, 2014 WL 3893312 (E.D. La. Aug.8, 2014) (Vance, J.); *Franklin v. City of Slidell,* 936 F.Supp.2d 691, 703 (E.D.La. 2013) (Barbier, J.) ("[T]he ADA definition of 'employer' mirrors the Title VII definition. Although the Fifth Circuit has not directly addressed the question of whether an employer's agent or employee may be held liable under the ADA, this Court recently concluded that in light of (a) the similarities between the definition of "employer" in Title VII and the ADA, (b) the similar purposes of the two statutes, (c) the Fifth Circuit's consistent holdings that individuals cannot be held liable under Title VII in either their individual or official capacities, and (d) the weight of authority outside of the Fifth Circuit, individuals are not subject to liability under Title I of the ADA. Thus, to the extent that Plaintiff is asserting claims against the Employee Defendants under the ADA, the Court finds that they are not legally cognizable."); *Mays v. Board of Commissioners Port of New Orleans*, No. 14-1014, 2015 WL 1245683, *5 (E.D. La. Mar. 18, 2015) (Brown, J.).

26. Similarly, Plaintiff has no cause of action against Mr. Bourgeois because "a defendant-employee's 'general administrative responsibility' is insufficient to impose personal liability." *Moore v. Manns*, 732 F.3d 454, 457 (5th Cir. 2013) (citation omitted); *see also Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973); *Thomas v. Union Pac. R.R. Co.*, 2010 U.S. Dist. LEXIS 80070, *17-*18 (S.D. Tex. Aug. 9, 2010) ("Under Louisiana law, individual liability of an employee for a work-related function can only exist if there was a breach of a personal duty of care to another.").

27. Additionally, to the extent the Petition for Damages asserts an actionable tort claim against Mr. Bourgeois (which CMH Homes denies),[17] the statute of limitations on such a claim had run and the claim had prescribed under Louisiana law[18] by the time that Plaintiff filed this lawsuit on November 26, 2019, over two years after Plaintiff was fired on August 24, 2017. It is well settled that administrative claims filed with the EEOC do not toll, suspend or interrupt prescription on state law claims. *Madison v. Pala Interstate, LLC*, No. 13-00765, 2014 WL 4929000 at *2 (M.D. La. Sept. 29, 2014) (holding that claims for defamation and intentional infliction of emotional distress were prescribed despite the plaintiff's timely filing of a charge with the EEOC for discrimination because the filing of an EEOC claim does not toll, interrupt or suspend the prescriptive period for state law claims); *Drury v. U.S. Army Corps of Engineers,* 359 F.3d 366, 368 (5th Cir.2004); *Fussell v. Bellsouth Communications, Inc.,* 1998 WL 12229 at *2 (E.D.La. Jan.8, 1998) ("[t]he Fifth Circuit has clearly stated that the filing of an EEOC charge does not toll, interrupt or suspend prescription with regard to a plaintiff's state law claims."); *Brouillette v. Transamerican Refining Corp.,* 1995 WL 683869 at *4 (E.D.La.

---

[17] See Petition at ¶ 9 (Plaintiff claims that Mr. Bourgeois' actions "were made knowingly, intelligently, and willfully . . . .").

[18] Under Louisiana law, delictual actions have a one-year prescriptive period, which "commences to run from the day injury or damage is sustained." La. Civ. Code art. 3492

Nov.11, 1995) ("Plaintiff's federal and state law claims are not embodied in the same legislative scheme . . . . Consequently, plaintiff's filing of administrative proceedings did not operate to toll or suspend the prescriptive period on plaintiff's state law claims.")).

28. Because Plaintiff's claims against Mr. Bourgeois have no chance of succeeding as a matter of law, Mr. Bourgeois has improperly joined as a Defendant. Accordingly, this Court has jurisdiction over any actionable claim against CMH Homes, if any. *See Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636, 638-39 (5th Cir. 2004) (holding that joinder is improper and removal is appropriate where a time bar defense is dispositive of the non-diverse defendant); *Watson v. Wyeth Co.*, No. 02-2548, 2003 WL 203096 at *4 (E.D. La. Jan. 28, 2003) (holding that a local defendant was improperly joined and therefore sustaining removal).

29. As for the amount in controversy, Louisiana generally disallows any reference to monetary damages in a petition for damages. *See* Louisiana Civil Code of Procedure article 893(A)(1).

30. Nonetheless, Article 893(A)(1) states that "if a specific amount of damages is necessary to establish … the lack of jurisdiction of federal courts due to insufficiency of damages … a general allegation that the claim … is less than the requisite amount ***is required***." *Id.* (emphasis added). The Petition makes no such general allegation, as allowed by Article 893(A)(1), nor has Plaintiff otherwise attempted to certify, whether via affidavit, stipulation, or otherwise, that the amount in controversy for his claims does not exceed $75,000.[19]

31. Where the amount of damages is not stated with specificity, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v.*

---

[19] *See* Petition.

*R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

32. The removing defendant may satisfy this burden by showing that it is facially apparent that the plaintiff's claim exceeds the jurisdictional amount or by setting forth facts and disputes supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335.

33. Under the facially apparent determination, "the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was **likely to exceed**" the jurisdictional threshold. *Id*. at 1336 (emphasis added).

34. While Plaintiff does not expressly plead an amount of money damages sought in the Petition, the allegations concerning the alleged scope of Plaintiff's damages are plainly sufficient to support a finding that the amount in controversy for his claim exceeds $75,000.

35. Here, Plaintiff's alleged damages for the causes of action asserted in his Petition include (1) past, present, and future embarrassment and humiliation; (2) mental anguish, stress, physical trauma, past, present and future, (3) past present and future economic loss; and (4) any other damages and/or acts of negligence to be shown at the trial of this matter.[20] Plaintiff's allegations regarding damages on their face establish that the jurisdictional amount threshold has been met. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (finding it "facially apparent" that damages sought in plaintiff's petition for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability exceeded $75,000); *Hampton v. Smart Professional Photocopy Corp.*, No. 02-2883, 2003 WL 133223 at * 2 (E.D. La. Jan. 14, 2003) (holding it was "facially apparent" that the plaintiff's damages exceeded $75,000 where plaintiff sought general compensatory damages, loss of professional reputation, back pay including benefits, front pay

---

[20] Amended Petition at ¶¶ 9, 31-32.

including benefits, other damages and attorneys' fees in an employment discrimination case); *Miller v. American General Financial Services*, No. 02-0348, 2002 WL 550989 at *2 (E.D. La. April 11, 2002) (holding that the combination of an award for back pay, front pay, emotional damages, and attorney's fees made it "facially apparent" that the plaintiffs demand exceeded $75,000 in an employment discrimination case).

36. Further, attorney fees are included in the amount of controversy when they are provided for by state statute. *Foret v. S. Farm Bureau Life Ins. Co.,* 918 F.2d 534, 537 (5th Cir. 1990). The ADA allows the prevailing party to recover attorney fees at the Court's discretion. *See* 42 U.S.C. § 12205.

37. Accordingly, it is facially apparent that Plaintiff's purported claims exceed the jurisdictional amount required for diversity jurisdiction.

38. As a result of the foregoing, because the parties are completely diverse in their citizenship and the amount in controversy exceeds $75,000.00, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, CMH Homes is entitled to removal of this action to federal court pursuant to 28 U.S.C. § 1441.

**FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331**

39. In addition to Diversity Jurisdiction, Federal Question Jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's Petition seeks damages for the alleged violation of the Americans with Disabilities Act, 29 U.S.C. § 12101 et seq.

40. Specifically, Plaintiff's Petition alleges that he was discriminated against and terminated when he refused to perform certain work for CMH Homes due to an alleged disability.

41. On February 2, 2018, Plaintiff filed a Charge of Discrimination with the EEOC that asserted a claim exclusively under the ADA.

42. Plaintiff may only assert claims that arise under ADA because his notice of charge filed with the EEOC only referenced the ADA. The failure to reference any other alleged violation in the EEOC charge bars Plaintiff from asserting other claims arising from his alleged wrongful termination. *See McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir. 2008); Bouvier v. Northrop Grumman Ship Systems, Inc., 350 Fed.Appx. 917, 921 (5th Cir. 2009). The same is true for employees asserting ADEA and ADA claims. *Jefferson v. Christus St. Joseph Hospital*, 374 Fed.Appx. 485, 489 (5th Cir. 2010); and, *Stith v. Perot Systems Corp.*, 122 Fed.Appx. 115, 118 (5th Cir. 2005).

## REMOVAL PROCEDURE

43. A copy of this Notice of Removal is being served upon Plaintiff through his counsel. A copy of the Notice to the Clerk of Court for the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, which has been filed in that Court, is attached hereto.

44. A copy of all process, pleadings, and orders, including the state court petition, is attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith, as part of the complete state court record from the Terrebonne Parish Clerk of Court.

WHEREFORE, CMH Homes, Inc. hereby provides notice that this action is duly removed.

Respectfully submitted:

*/s/ George D. Fagan*
**GEORGE D. FAGAN, #14260**
**REAGAN R. WILTY, #35292**
**Leake & Andersson LLP**
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
Tel: 504/585-7500
Fax: 504/585-7775

E-mail: gfagan@leakeandersson.com
rwilty@leakeandersson.com

*Attorneys for Defendant, CMH Homes, Inc.*

### CERTIFICATE OF SERVICE

    I hereby certify that the foregoing pleading has been delivered to all counsel of record, by depositing a copy of same in the United States mail, first class postage prepaid at their last known address of record, or by electronic mail, or by ECF Notice, or by facsimile transmission or by hand delivery today, **January 2, 2020**.

                                          _____